UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

Feifei Gu, Yu Hin Chan

*Plaintiffs,*

Case No. 1:24-cv-1282 (AMN/CFH)

U.S. DISTRICT COURT - N.D. OF N.Y.
**FILED**
OCT 1 8 2024
AT_____O'CLOCK_____
John M. Domurad, Clerk - Albany

v.

COMPLAINT

JURY TRIAL DEMANDED

1. Mark Salem,

2. Hang Chen,

3. Emily Hui Chen-Liang,

4. Susana Chong Chen,

5. Yu Ying Wu,

6. 252685 ST LLC,

7. State of New York,

*Defendants*

BACKGROUND

1. Plaintiffs Feifei Gu and Yu Hin Chan are residents of 2526 85st, 2F, Brooklyn,

NY 11214,

2. On 01/01/24, Defendants Hang Chen, Emily Hui Chen-Liang, and Susana

Chong Chen reported to 911 that Plaintiffs Feifei Gu and Yu Hin Chan destroyed a

security camera which was placed right over the door of 2F of 2526 85 st,

Brooklyn, NY 11214, Police[1] came on 01/02/24, Defendant Yu Ying Wu replaced

the camera and provided receipt,

3. On 01/12/24, Plaintiff Feifei Gu was arrested at home[2]; Feifei Gu is being

prosecuted under CR-001793-24/KN, *People v. Feifei Gu*, which is still pending in

Kings County Criminal Court; Defendants Hang Chen, Emily Hui Chen-Liang,

Susana Chong Chen, and Yu Ying Wu are all in witness list (see Exhibit 1);

Defendant Hang Chen is the complainant (see Exhibit 2),

---

[1] Body Camera Footage of Daniel Siani:
https://youtu.be/52Wtk5hm_W8?si=BArTtBsmvcTcAxel

Body Camera Footage of Joseph Robinson:
https://youtu.be/NOjIberXgKE?si=0KlL7XJRykHWNAx7

[2] See Body Camera Footage of Michael Sher:
https://youtu.be/DVh91XxzmYY?si=uBCMdqtmlE8XSCF7

4. On 02/22/24, Defendant Mark Salem represented Defendants Hang Chen, Emily

Hui Chen-Liang, Susana Chong Chen, and 252685 ST LLC, and initiated

505280/2024 against Feifei Gu and Yu Hin Chan in Kings County Supreme Court

(see Exhibit 3),


5. On 05/28/24, judge Joy F. Campanelli issued an Order in 505280/2024 (see

Exhibit 4), among which, stated the following:

"ORDERED that Defendants (Feifei Gu and Yu Hin Chan) are enjoined from
publicly posting any remarks, or reviews about the plaintiffs, their employer
Re/Max, Susana Chan Chong and Plaintiff's attorney Mark Salem, Esq. and Mark
Salem Law, P.C. and it is further

ORDERED that Defendants are enjoined from contacting Re/Max for the purposes
of discussing or reporting Plaintiffs' actions or inactions",


6. On 08/28/24, judge Cenceria P. Edwards signed anther TRO presented by Mark

Salem in 505280/2024 (see Exhibit 5), among which, the Order stated,

"Defendants (Feifei Gu and Yu Hin Chan) are enjoined from filing any actions
against plaintiffs, their agents, employees or contractors, their counsel or their
employer, Re/Max, without an attorney's Certificate of Merit of an attorney who
has reviewed the proposed order requiring the Certificate of Merit and the filing."


7. The Order to Show Cause for Contempt of Court signed by judge Cenceria P.

Edwards had been scheduled for 11/13/24.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1343,

2. This action also involves a conspiracy to violate 42 U.S.C.1983 which is undertaken by Defendants Mark Salem, Hang Chen, Emily Hui Chen-Liang, Susana Chong Chen, Yu Ying Wu, and 252685 ST LLC,

3. The relief requested is authorized pursuant to 28 U.S.C. 1651, 28 U.S.C.1343, 42 U.S.C. 1983, 28 U.S.C. 2201, 2202,

4. Venue is appropriate in the Northern District of New York pursuant to 28 USC 1391 (b)(1) as Defendant State of New York maintains its Capitol at State Street and Washington Ave, in Albany, NY,

5. Alternatively, venue is also proper in this district pursuant to 28 USC 1391 (b)(2) as a substantial part of the events giving rise to the claim occurred within this district, namely, the state law contested in this case was adopted by votes of the New York State Senate and Assembly at the Capitol in Albany, and signed into law by the Governor in Albany.

Defendants Susana Chong Chen, Hang Chen, and Emily Hui Chen-Liang's

Bad Faith in Making Fake 911 calls, Participating in the Fake Prosecution of

CR-001793-24/KN and Initializing and Continuing 505280/2024

## I. Plaintiffs never damaged the Camera

1. Defendants Susana Chong Chen, Hang Chen, Emily Hui Chen-Liang all alleged

in body camera footage, 911 calls, and 505280/2024 that both Plaintiffs Feifei Gu

and Yu Hin Chan damaged the security camera placed on 2F,


2. Hang Chen stated under penalty of perjury that Defendant Feifei Gu damaged

the camera on 12/31/23 2:20 AM (see Exhibit 6 and 7),


3. However, based on a video provided by Hang Chen and the People in

CR-001793-24/KN (see Exhibit 8): On 12/31/23 22:03:34, CAM 01 on 2F shows

clear picture - the camera was never damaged,


4. Besides, facts being Plaintiff Yu Hin Chan never touched the camera, and there

was no evidence that shows Plaintiff Yu Hin Chan ever touched the camera,


5. Therefore, Defendants Susana Chong Chen, Hang Chen, and Emily Hui

Chen-Liang lied in 911 calls, body camera footage, and 505280/2024 that plaintiffs

destroyed the camera,

4

**II. Plaintiffs never made fake 311 complaints nor filed frivolous HP Action**

1.  Defendants Susana Chong Chen, Hang Chen, and Emily Hui Chen-Liang all alleged in body camera footage, 911 calls, and 505280/2024 that both Plaintiffs Feifei Gu and Yu Hin Chan made fake 311 complaints to harass them,

2. However, a NO hot water violation was issued by NYC Dept of Housing Preservation & Development on 12/26/23 (see Exhibit 9), and was CORRECTED by Defendant(s) on 01/05/24 and were CERTIFIED on 01/08/24,

3. There were 36 violations (see Exhibit 10); In HP Action, after prior owner Raymond Chan sold the house to 252685 ST LLC (see Exhibit 11), Defendant Susana Chong Chen and 252685 ST LLC joined the HP Action on consent through their attorney Defendant Mark Salem to substitute prior owner Raymond Chan (see Exhibit 12) and was ordered to correct all violations (see Exhibit 13); Plaintiffs provided full access pursuant to Court Order,

4. Therefore, Defendants Susana Chong Chen, Hang Chen, Emily Hui Chen-Liang lied in 911 calls, body camera, and 505280/2024 that plaintiffs harassed them by filing fake 311 complaints, and filed frivolous HP Action and refused access - violations were real, Susana Chong Chen and 252685 ST LLC  joined the HP Action on consent, and Plaintiffs provided full access pursuant to Court Order,

**III. Plaintiffs never harassed above defendants nor neighbors, it was above defendants who harassed Plaintiffs**

Defendants Susana Chong Chen, Hang Chen, Emily Hui Chen-Liang all alleged in body camera footage, 911 calls, and 505280/2024 that both Plaintiffs Feifei Gu and Yu Hin Chan harassed them by making fake 911 calls and also harassed other tenants,

However, truth being:

i

1) On 12/29/23, a person came into the premises and tipped over Plaintiffs' security camera[3], when asked, Defendant Hang Chen would not disclose the identity of the person (see Exhibit 14), neither did Emily Hui-Chen Liang nor Susana Chong Chen disclose the identity of the person, Plaintiff reported Harassment to 911,

2) On 12/31/23, without any prior notice, Defendant Hang Chen took off the pic of the unidentified person who tipped over Plaintiff's security camera on the wall and only placed on Plaintiffs' door a Notice to HPD[4] instead of on other tenants' door, while being asked again who the person on 12/29/23 was, Defendant Hang Chen again refused to say anything and behaved in a rude manner (see Exhibit 15),

---

[3] https://youtu.be/k67qxkPL6FU?si=6wLuSbHtJAD1Bufs

[4] https://youtube.com/shorts/fHCNZoCEOXw?si=27j-I3wLtSGCc8VA

3) On 03/12/24 Defendant Emily Hui Chen-Liang told Plaintiff Feifei Gu that Defendant Hang Chen did not allow Emily Hui Chen-Liang to say anything regarding the identity of the person on 12/29/23[5] (see Exhibit 16),

ii

1) In 505280/2024, Defendants Hang Chen, Emily Hui Chen-Liang, Susana Chong Chen, stated,

"45. Upon information and belief, on or about December 31, 2023, Defendant (Feifei Gu, Yu Hin Chan) filed Complaints Report No. 2023-62-8980 claiming aggravated harassment,"

2) However, the above mentioned police report was not filed by Plaintiffs but by Defendants Hang Chen, Emily Hui Chen-Liang, Susana Chong Chen as that day Plaintiffs called the police but police refused to file harassment report against Hang Chen,

---

[5] https://youtu.be/lEH6wvj0kRU?si=kJRqSkLzUpQMZp13

7

3) In Body Camera footage of police Joseph Robinson[6] at <u>4:35-4:46</u>,

Emily Hui Chen-Liang stated to police:

"We already filed harassment report, we have that, with 911, and also the tenants gave us a letter that, I mean she (Feifei Gu) has been harassing other tenants as well"

4) Also in body camera footage, Defendant Hang Chen stated he went to 62 Police Precinct to file a report on 12/31/2ʒ, thus the report was exactly the one filed by Defendant Hang Chen, Emily Hui Chen-Liang, and Susana Chong Chen, not by Plaintiffs,

5) Furthermore, Plaintiffs never started any fight with any neighbors, not to even say harassment.

Therefore, Hang Chen, Emily Hui Chen-Liang, Susana Chong Chen misrepresented to the police that Plaintiffs harassed neighbors and made fake 911 calls, it was above Defendants who filed fake 911 reports claiming Plaintiffs harassed neighbors.

---

[6] https://youtu.be/eoM8GJGYKqs?si=udA0NaZKt6dFURtW

8

Defendants Susana Chong Chen, Hang Chen, and Emily Hui Chen-Liang's

Conspiracy with State Actors

I. Defendants Susana Chong Chen, Hang Chen, Emily Hui Chen-Liang, and Yu

Ying Wu Conspired with State Actors in the Prosecution of CR-001793-24/KN

**1. Contradicted Police Reports and Criminal Court Complaints**

See Exhibit 17 - NYPD Complaint, the documented occurrence date and time was:

12/31/23 22:00 PM through 12/31/23 22:05 PM.

See Exhibit 18 - NYPD Omniform Complaint, the documented occurrence date

and time was: 12/31/23 02:20 AM through 12/31/23 22:05 PM, damaged 1 camera,

total value: $251,

See Exhibit 19 - Criminal Court Complaint, the documented occurrence date and

time was: 12/31/23 02:20 AM, damaged Two Cameras valued at $250,

See Exhibit 6 - Superseding Information by ADA Vincent James Didonato III, the

documented occurrence date and time was  12/31/23 02:20 AM, damaged One

Camera valued at $450, the information was affirmed by Hang Chen,

9

While in Body Camera footage, Hang Chen, Emily Hui Chen-Liang, Susana Chong Chen stated the occurrence date and time was 12/31/23 22:00 PM,

ALL ABOVE INFORMATION THUS CONTRADICTED EACH OTHER.

**2. Falsified Superseding Information and DA Office Screening Sheet claiming Defendant Hang Chen is the owner of the building and custodian of the camera**

1) Referring to Superseding Information by ADA Vincent James Didonato III (Exhibit 6), "The informant Hang Chen is the custodian" of the security camera, Defendant Hang Chen affirmed this information in his signed Supporting Deposition.

2) Referring to Complaint Room Screening Sheet (see Exhibit 20 ) by ADA Lawrence Lusher, it stated that Defendant Hang Chen "owns the building and installed CCTV cameras",

**HOWEVER,**

1) From Body Camera footage of police Joseph Robinson[7]

at 2:25 - 2:36, Defendant Emily Hui Chen-Liang stated:

---

[7] https://youtu.be/eoM8GJGYKqs?si=udA0NaZKt6dFURtW

"...we have another owner who also owns the house, only two owners, **and the other owner in Florida, and he has access to the security camera**…"

2) From Body Camera footage of police Joseph Robinson[8]

at 12:38-12:50, Defendant Susana Chong Chen and police Joseph Robinson stated

the following:

police Joseph Robinson: So who owns the camera? It's the old owners or the new owners, or you guys?
Susana Chen: The new owner, the owner that's away,
police Joseph Robinson: **So the new owner that's away, that's his camera**?
Susana Chen: **Yes**
police Joseph Robinson: **So he is not here, the owner,**
Susana Chen: **Yes**

**Therefore, Hang Chen is Not the custodian of the security camera.**

3) In 505280/2023, Hang Chen signed the Affirmation, stating he is agent of

252685 ST LLC (see Exhibit 21), 252685 ST LLC is the owner of the premises

(see Exhibit 11),

**Therefore, Hang Chen is Not the owner of the premises.**

**Thus, Superseding Information and DA Office Screening Sheet are both**

**falsified.**

---

[8] https://youtu.be/eoM8GJGYKqs?si=udA0NaZKt6dFURtW

**3. Defendants Emily Hui Chen-Liang, Susana Chong Chen, and Hang Chen Conspired with ADA and presented falsified evidence of the "damaged" camera in Criminal Court**

1) Referring to Exhibit 22 - evidence provided by above defendants to ADA, Defendants circled "**DO4** - unused" in the camera list captured at 2:12 evidencing that the camera was damaged,

2) However, Defendant Yu Ying Wu replaced the camera on 01/02/24 midnight (see Body Camera footage), and all above defendants stated in body camera that they did not enter the premises before the NYPD came, therefore, the camera should be CAM01 (the only camera placed over the door of 2F, see body camera footage)(see Exhibit 8), not DO4, DO4 is the **unused** new camera,

3) Above defendants thus conspired with ADA vicent james didonato iii  and presented falsified evidence before the Criminal Court,

/2

**4. Defendants Emily Hui Chen-Liang, Susana Chong Chen, Hang Chen, and Yu Ying Wu Conspired with ADA and presented falsified payment receipts of the Camera in Criminal Court**

A. Defendants 252685 ST LLC, Emily Hui Chen-Liang, Susana Chong Chen,

and Hang Chen never paid for the new camera

1. From Body Camera footage of police Joseph Robinson[9] at 9:58-10:10,

repairperson Yu Ying Wu stated,

"Can I go to basement?
I go to basement, the new camera,
Damaged the old camera, it's damaged"

(Hang Chen, Emily Hui Chen-Liang, and Susana Chong Chen stated in body

camera that they never came inside the building before the police came)

2. From Body Camera footage of police Daniel Siani[10] at 31:28-31:32,

Defendant Hang Chen stated to police Daniel Siani regarding the invoice:

"This is not including because he (repairperson Yu Ying Wu) didn't know the camera need to be fixed, every camera is 450,"

3. It can be concluded that Yu Ying Wu did not know the camera need to be fixed,

so he did not bring any cameras with him, thus he went to basement of 2526 85 st

---

[9] https://youtu.be/eoM8GJGYKqs?si=udA0NaZKt6dFURtW

[10] https://youtu.be/dIzNJvMswXE?si=dSoNGTBhksn-hYZ-

13

to get the camera - **it can be hereby inferred that the new camera was not brought by Yu Ying Wu, but owned by 252685 ST LLC**,

### B. The Three Receipts were all forged

1) There are even three DIFFERENT receipts presented by above Defendants:

Receipt 1 (see Exhibit 23) has no camera charge,

Receipt 2 (see Exhibit 24) has camera charge and wrote "paid 01/02/24" with a signature,

Receipt 3 (see Exhibit 25) has camera charge and wrote "Paid in Full Cash 01/02/24"

2) The invoice's date is **01/01/24**, however, as in body camera footage, police arrived on **01/02/24** and then Defendant Yu Ying Wu started "repair",

- as such, receipt date even did not match - all three receipts were forged.

Therefore, Defendants Emily Hui Chen-Liang, Susana Chong Chen, Hang Chen, and Yu Ying Wu conspired with ADA and presented falsified payment receipts of Camera in Criminal Court.

14

**5. Brady Violation**

1. Vincent James Didonato alleged in Affirmation in CR-001793-24/KN (see

Exhibit 26) :

"...In the instant matter, the camera, which the Information alleges the Defendant damaged, is not in the People's custody, control, or possession. The NYPD did not seize or obtain the physical camera. Accordingly, the People cannot produce that which is not in our possession.

29. …The People reject the Defendant's contention without legal basis that the camera would be considered Brady evidence. **The camera would produce nothing that is favorable to defense.** The Defendant does not argue that the camera would be favorable to their defense. As such, there is no legal basis for Defendant's Brady contention."

- ADA vincent james didonato III alleged that the camera was not in People's

possession, however, he then stated "The camera would produce nothing that is

favorable to defense." if the People did not possess camera, how could vincent

james didonato III know "the camera would produce nothing that is favorable to

defense"?

3. In Superseding Information,
"The informant observed, via video surveillance, the defendant using a stick to strike and damage one surveillance camera valued at $450 United States Currency."

- However, Until today, The People refused to disclose such videos alleged to be

recorded at 02:20 AM on 12/31/2023 by Hang Chen,

ADA vincent james didonato III thus committed multiple Brady violations.

15

**6. Defendant State of NY's Initiation and Continuation of CR-001793-24/KN with Bad Faith**

There was No probable cause to arrest Nor probable cause to prosecute

1)There was no evidence showing Plaintiff Feifei Gu used a stick and the stick touched the camera at 02:20 AM of 12/31/23,

2) There was no evidence showing the camera was damaged - the camera worked perfectly with clear pictures after 02:20 AM of 12/31/23 (see Exhibit 8), besides, the original camera was not preserved and Defendant Yu Ying Wu threw the camera from the ladder (see Body Camera footage),

3) Arresting officer Michael Sher and Steven Viteeli had no probable cause to arrest as Michael Sher indicated in body worn camera after reviewing Plaintiff Feifei Gu's evidence of innocence[11]:

"because I wasn't there, we are just going he said, she said, …, you are going to come with us to the precinct for further verification, so we are going to the bottom of it."

4) There was also no evidence showing Plaintiff Feifei Gu damaged two cameras, and the camera worth $250 as alleged in Criminal Court Complaint sworn by arresting officer Steven M. Vitelli,

---

[11] https://youtu.be/DVh91XxzmYY?si=l9_o-atjv8Gg8iKj

16

5) In Body Worn camera footage and NYPD Complaint Report, the occurrence date and time was: 10PM on 12/31/23, however,

- In NYPD Omniform Complaint, the date and time was changed to 2:20AM, damaging 1 camera, total value $251,

- In the Criminal Court Complaint, the date and time was changed to 2:20AM, damaging 2 cameras, total value $250, signed by arresting officer Steven M. Vitelli,

- In Superseding Information, the date and time was changed to 2:20AM, damaged 1 camera, total value $450, signed by ADA Vincent James Didonato III,

6) It was revealed in body camera footage that Complainant Hang Chen is not custodian of the camera, there is also no evidence showing Hang Chen is the owner of the Premises, as the owner is 252685 ST LLC (See Exhibit 11),

Therefore, Defendant Emily Hui Chen-Liang, Hang Chen, Susana Chong Chen, and Yu Ying Wu conspired with State Actors - multiple NYPD and ADA in arresting Feifei Gu and initiating the criminal case and still continuing it with BAD FAITH!

II. Defendants Mark Salem, 252685 ST LLC, Susana Chong Chen, Hang Chen,

and Emily Hui Chen-Liang's Conspiracy with State Actors in the Litigation of

505280/2024

 A

1. On 02/27/24, Plaintiff Yu Hin Chan was notified by Defendant Mark Salem that

he would present a TRO on 02/28/24 at 10:30 AM (see Exhibit 27),

2. However, the documents in support of TRO: Affirmation in Support (NYSCEF

doc #5, 25), Exhibits (NYSCEF doc #6-24), Affirmation of Emergency (NYSCEF

doc #3) were all filed on 02/23/24, there is also no affidavit of Defendants dated

02/27/24 as alleged in their submission,

**(see Exhibit 28 - document list)**

3. Despite all above procedural errors, the Ex Parte Part did not reject Mark

Salem's filings,

4. Most ironically, Mark Salem's Exhibit H (videos) was not filed until 04/09/24

(NYSCEF doc #50), it was until 09/03/24 through Mark Salem's Affirmation in

2024-07032 (see Exhibit 29) that Plaintiffs knew the following:

"11….Exhibit H was filed at a later date as our office submitted a USB with the
videos to the court and the court requested a link posted as an exhibit to NYSCEF
so that the record was clear."

*18*

4. However, Plaintiffs were never notified by above Defendants nor the Ex Parte

Part of the Court that above Defendants submitted a USB to the Court with 22

video footage, which is material evidence in 505280/2024 (see Exhibit 30),

5. Above Defendants thus conspired with the Ex Parte Part in depriving Plaintiffs

of due process right,

B

1. On 04/10/24,  judge Joy F. Campanelli's two court attorneys heard the oral

argument, judge Joy F. Campanelli was never present in Court, as such, Plaintiffs

were deprived of due process rights to be heard by judge instead of court attorneys,

2. On 05/28/24, Judge Joy F. Campanelli issued an Order (see Exhibit 4), among

which she indicated the following:

"Moreover, Plaintiffs contend that they sent a process server to the premises to
serve eviction papers to Defendants. However, **the process server accidentally hit
the Defendants' illegally placed camera with his foot**…"

3. However, neither in Court filed documents nor in Oral Argument did Mark

Salem ever mentioned the information that "the process server accidentally hit the

Defendants' illegally placed camera with his foot",

4. The only inference can be: above Defendants made EX PARTE communication with judge Joy F. Campanelli and its chambers,

5. Above Defendants thus conspired with judge Joy F. Campanelli and its chambers in depriving Plaintiffs of due process right once again,

C

1. On 08/28/24, judge Cenceria P. Edwards signed anther TRO while the submission pack by Mark Salem is devoid of an affidavit of Emergency and Affidavit of Notification or Affidavit of Non-Notification, (see Exhibit 28, NYSCEF doc# 67-92), Plaintiffs were never notified by above Defendants regarding their TRO submission,

2. Neither did the Ex Parte Part reject the submission for procedural errors, nor did judge Cenceria P. Edwards reject it, but signed the TRO,

3. Above Defendants thus conspired with Kings County Supreme Court and judge Cenceria P. Edwards in depriving Plaintiffs of due process rights the third time,

Kings County Criminal Court Could Not Afford Plaintiff Feifei Gu Adequate Protection

1. The Criminal Court Undermined Plaintiff Feifei Gu's 5th and 6th Amendment Right to a competent counsel in criminal proceeding:

1) The criminal court first assigned Yolanda Chitohwa, however, Yolanda Chitohwa failed to show due diligence and persistence in pursuing this case and forced Plaintiff to accept plea deal, Plaintiff then filed a request to Court to disqualify (see Exhibit 34),

2) The Court then assigned Lawrence G. Campbell, however, Lawrence G. Campbell is worse, Plaintiff then filed a request to Court to disqualify (see details in Exhibit 35),

3) On the most recent hearing in criminal court, judge Jung A. Park warned Feifei Gu that attorney Samuel Militello would be the last one assigned or Plaintiff should proceed as pro se,

4) During the conversation with Samuel Militello, Feifei Gu deemed Samuel Militello incompetent to handle the case, and couldn't represent her; To be worse, Samuel Militello, just like Yolanda Chitowa and Lawrence G. Campbell, disclosed

attorney-client privileged information to ADA,

5) As Feifei Gu requested to disqualify Sameul Militello, Feifei Gu could only proceed as pro se,

Feifei Gu was thus denied constitutional rights to counsel.

2. The Criminal Court Also Undermined Plaintiff Feifei Gu's Due Process Right to Access her Court Files

Feifei Gu made multiple requests in Court to request access to her own court files, however, until today, Feifei Gu, as pro se, still could not have access to her own court file folder, and thus severely implicated her ability to form a complete defense,

Feifei Gu was thus denied due process rights.

Therefore, Kings County Criminal Court could not afford Plaintiff Feifei Gu adequate protection.

Kings County Supreme Court Could Not Afford Plaintiffs Adequate Protection

1. As had been alleged above, Plaintiffs had been constantly deprived of due process rights in Kings County Supreme Court,

2. Besides, **Kings County Supreme Court Ex Parte Part Had a Dirty History of Conspiring with Judges:**

1) In 703/2023, Plaintiff Feifei Gu sued Kings County Housing Court judge SERGIO JIMENEZ, Plaintiff submitted a Poor Person application (PPO) to initiate the case,

2) On etrack, it shows the PPO is granted by judge Larry Martin on 09/21/23 (see Exhibit 31),

3) However, at Ex Parte Part, Plaintiff was notified that PPO had been denied and was provided with a paper dated 09/22/23 (see Exhibit 32),

4) It was later known to Plaintiffs that the PPO was signed by Larry Martin on 09/22/23,

γ3

Kings County Ex Parte Part thus conspired with judge Larry Martin in producing three versions of one Court Order,

Therefore, Kings County Supreme Court could not afford Plaintiffs adequate protection.

Defendants Susana Chong Chen, Mark Salem, Yu Ying Wu, 252685 ST LLC, Hang Chen, and Emily Hui Chen-Liang's thinly-veiled plan to retaliate Plaintiffs

1. On 12/19/23, Defendant 252685 ST LLC bought the premises (see Exhibit 11),

2. On 12/20/23, Plaintiffs sent text messages to Defendant Emily Hui Chen-Liang and Defendant Hang Chen regarding no heat and no hot water (see Exhibit 37), and wrote "so tomorrow if same issue you will come to check?"

3. On 12/21/23, however, having never come inside to check, Defendant Emily Hui Chen-Liang sent a message to Plaintiffs (see Exhibit 37),

"As per landlord, if this is a **fraudulent complaint** again, we will add this cost to your bill",

4. Plaintiffs found later that the claimed professional from the management team by Defendant Emily Hui Chen-Liang in 505280/2024 who came to check the boiler was NEVER A PROFESSIONAL but Defendant Yu Ying Wu (see Exhibit 38),

5. Having found Plaintiffs filed 311 complaints, Defendants served Notice of Termination dated 12/26/23 (see Exhibit 39),

6. On 12/31/23, above Defendants along with Plaintffs' neighbors came to police precinct and made a fake harassment report (as had been alleged prior),

7. On 01/01/24, Defendants called 911 and once again made fake reports of Plaintiffs damaging the security camera,

8. On 02/14/24, Defendants' motion to dismiss was denied in HP Action and was ordered to correct all violations (see Exhibit 13),

9. On 02/22/24, seeking a revenge for their loss in HP Action, Defendants filed 505280/2024 (see Exhibit 3), seeking attorney fee for HP Action, stating Plaintiffs damaged their camera, harassing other tenants, etc.,

10. To silent Plaintiffs, Defendants conspired with Ex Parte Part and judge Joy F. Campanelli in violation of plaintiffs' due process rights and on 05/28/24, judge Joy F. Campanelli issued Order (see Exhibit 4) restraining Plaintiffs from posting any reviews about above Defendants, and restraining Plaintiffs in contacting Re/Max to report Plaintiffs' actions,

11. Then on 08/21/24, Defendants once again conspired with Ex Parte Part and judge Cenceria P. Edwards in violation of Plaintiffs' due process rights, judge Cenceria P. Edwards signed the TRO restraining Plaintiffs from filing any actions

without an attorney's Certificate of Merit of an attorney who has reviewed the proposed order requiring the Certificate of Merit and the filing, Defendants knew Plaintiffs were pro se and could not afford an attorney, they thus used such tactic to restrain Plaintiffs from filing any lawsuits against them to get rid of legal responsibility,

12. The bad faith of Defendants Hang Chen and Emily Hui Chen-Liang made them KINGS OF THE LIARS:

1) Hang Chen is not the owner of the premises, as he alleged in 505280/2024, he is only an agent of 252685 ST LLC (see Exhibit 21), and the only owner is Qiubo Li (see Exhibit 40),

However, he stated in 911 calls, body camera footage, and supporting deposition of CR-001793-24/KN that he is the owner of the premises,

2) Furthermore, Hang Chen and Emily Hui Chen-Liang both claim they are the agents of 252685 ST LLC in 505280/2024:

"28. Upon information and belief, at all times relevant to this complaint, from December 19, 2023 through December 21, 2023, **HANG CHEN and EMILY HUI CHEN-LIANG, agents of 252685 ST LLC (hereinafter referred to as "Agents")**,..."

However, neither of them is agent of 252685 ST LLC - only Defendant Susana Chong Chen is the agent (see Exhibit 40),


3) Hang Chen and Emily Hui Chen-Liang also stated in 505280/2024:

"116. Upon information and belief, at all times relevant to this complaint, the Plaintiffs were not acting on behalf of Re/Max during any interaction with the Defendants, **the Plaintiffs are not agents of Re/Max and Re/Max is not the owner or in any way affiliated with the Premises**."

However,

1) In prior owner Raymond Chan's affirmation in HP Action, he stated:

"On December 19, 2023, Respondent (Raymond Chan) sold the subject premises to Remax" (see Exhibit 36),

- Re/Max is the owner as alleged by Raymond Chan;


2) Hang Chen and Emily Hui Chen-Liang are agents of Re/Max: see Exhibit 41 and 42,


LIES AFTER LIES!

28

FIRST CAUSE OF ACTION


Violation of Plaintiffs' First and Fourteenth Amendment Rights

Against Defendant the State of NY


1. As had been alleged above, Judge Joy F. Campanelli, Judge Cenceria P. Edwards and Kings County Supreme Court Ex Parte Part deprived Plaintiffs' due process rights, the two issued orders by Judge Joy F. Campanelli, Judge Cenceria P. Edwards violated Plaintiffs' first amendment rights,


2. At all relevant times,  Judge Joy F. Campanelli, Judge Cenceria P. Edwards and Kings County Supreme Court Ex Parte Part were acting under the color of State law,


3. Defendant the State of NY thus violated Plaintiffs' First and Fourteenth Amendment Rights,

29

SECOND CAUSE OF ACTION

Conspiracy in Violating Plaintiffs' First and Fourteenth Amendment Rights against Defendant Mark Salem, Hang Chen, Susana Chong Chen, Emily Hui Chen-Liang, 252685 ST LLC, Yu Ying Wu

1. To state a claim against a private entity on a Section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act, see *Spear v. Town of West Hartford*, 954 F. 2d 63 - Court of Appeals, 2nd Circuit 1992,

2. Here, above Defendants conspired with Judge Joy F. Campanelli, Judge Cenceria P. Edwards and Kings County Supreme Court Ex Parte Part in 505280/2024 in violating Plaintiffs' Fourteenth Amendment Due Process Rights,

3. Above Defendants further conspired with Judge Joy F. Campanelli, Judge Cenceria P. Edwards and Kings County Supreme Court Ex Parte Part in the issuance of two orders which violate Plaintiffs' First Amendment Rights of freedom of speech and freedom to petition the government for relief.

THIRD CAUSE OF ACTION

Declaratory Judgment Decreeing CPLR 1101 (b) Void

Per the First and Fourteenth Amendment

*Motion for permission to proceed as a poor person* CPLR 1101 (b):

The court *may* require the moving party to file with the affidavit a certificate of an attorney stating that the attorney has examined the action and believes there is merit to the moving party's contentions.

I. CPLR 1101 (b) violates Fourteenth Amendment (Void for Vagueness)

1. On its face, the statute includes the word "may", such a vague phrasing raises a host of questions and thus fails to provide litigants with an adequate standard and or notice when filing their poor person application:

1) In what circumstances does the court require such a certificate?

2) Is it a case by case evaluation whether a certificate of attorney is required, or certain litigants are required to file such certificates for each of their cases in Court?

3) When shall the Court require such a certificate - Before the Court's reviewing of the files or after? If the Court has decided there is no merit, then why does the Court still need an affidavit of attorney stating there is merit in the case?

31

4) Who is to decide if such a certificate is needed? The Judge, the clerks or the attorney?

5) What if one attorney decides the case is with merit, and another decides it is without merit?

2. Such broad sweep of the ordinance encourages arbitrary and capricious enforcement by local Court,

3. As the law fails to meet constitutional standards for definiteness and clarity, it is void.

## II. CPLR 1101 (b) violates First and Fourteenth Amendment as applied

1. Plaintiffs are pro se and cannot afford an attorney; The statute hereby jeopardizes Plaintiffs and many others similarly situated equal protection rights guaranteed by Fourteenth Amendment, and further deprives us of first amendment rights to petition the government for relief,

Therefore, Plaintiffs are entitled to a judgment decreeing CPLR 1101 (b) to the extent that it is vague and fail to afford Plaintiffs and other similarly situated first and fourteenth amendment rights as applied.

32

FOURTH CAUSE OF ACTION

Injunction against the State of NY from further prosecuting CR-001793-24/KN

1. As had been stated in Complaint, Defendant the State initiated and continues CR-001793-24/KN in bad faith,

2. As is further stated in Plaintiffs' Affidavit in Support, Memorandum of Law, and Affidavit of Emergency, Plaintiffs request a permanent injunction against the State of NY from further prosecuting CR-001793-24/KN.

## JURY DEMAND

Plaintiffs Feifei Gu and Yu Hin Chan hereby demand a trial by jury on all issues.

WHERFORE, Plaintiffs demand judgment be awarded in their favor as follows:

1. Declaring that Ex Parte Part of Kings County Supreme Court, Judge Joy F. Campanelli, and Judge Cenceria P. Edwards conspired with Defendants Mark Salem and other private Defendants in violating Plaintiffs' First and Fourteenth Amendment Rights,

2. Declaratory judgment that two Orders by Judge Cenceria P. Edwards and Judge Joy F. Campanelli void and unenforceable,

3. Declaratory judgment that CPLR 1101 (b) void,

4. Enjoining the enforcement of two Orders by Judge Joy F. Campanelli and Judge Cenceria P. Edwards in 505280/2024,

5. Injunction against the State of NY from further prosecuting CR-001793-24/KN,

6. $1 billion against Defendants Mark Salem, Hang Chen, 252685 ST LLC, Emily Hui Chen-Liang, Susana Chong Chen, Yu Ying Wu,

7. For such and further relief as the Court deems just and proper.

34

**VERIFICATION**

Feifei Gu and Yu Hin Chan, being duly sworn, depose and say:

We are the plaintiffs in the above-entitled action. We have read the foregoing Affidavit and know the contents thereof. The same is true and correct, except as to matters therein stated to be based on information and belief and as to such matters we believe them to be true.

I, Feifei Gu, affirm this 18th day of October, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.     10/18/24     fg1011@nyu.edu     929-362-7312

I, Yu Hin Chan, affirm this 18th day of October, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.     10/18/24     347-272-3676

35